IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EFREN FLORES AND ERIK GARCIA<br>   *Plaintiffs,*<br><br>vs.<br><br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br>   *Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>Civil Action No. _____<br><br><br><br><br>**JURY REQUESTED** |

## DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant State Farm Mutual Automobile Insurance Company (State Farm) hereby files its Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(a), and would show as follows:

### I. INTRODUCTION

1. This is a personal injury case arising out of a motor vehicle accident that occurred on or about July 29, 2019. Plaintiffs filed their Original Petition in Cause No. 2023DCV-1692-D in the 105th Judicial District Court of Nueces County, Texas, on May 12, 2023, against State Farm.

2. Removal is based on diversity jurisdiction because, based upon a preponderance of the evidence, the amount in controversy is over $75,000.00, exclusive of interest and costs, and there is complete diversity between Plaintiffs and Defendant State Farm as set forth below.

3. State Farm was served with Plaintiffs' Original Petition and Citation on or about May 19, 2023.[1]

---

[1] See Exhibit A, Affidavit of Service of Process included in the Index of State Court Papers attached hereto as Exhibit B.

4.      Plaintiffs allege claims and causes of action against State Farm related to State Farm's handling of Plaintiffs' claim for uninsured motorist ("UM") benefits pursuant to a Texas personal automobile insurance policy issued by State Farm.[2]  Plaintiffs seek a declaratory judgment regarding coverage for and the amount of policy benefits they allege are owed to them. Plaintiffs also allege entitlement to attorney's fees pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code.[3]

5.      Defendant files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the state court in which this case was previously pending.

## II.  GROUNDS FOR REMOVAL

6.      This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the proper parties involved are citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

**A.    Complete Diversity Exists Between the Proper Parties**

7.      State Farm would show the Court complete diversity in that all parties on one side of the case are citizens of different states than the parties on the other side.[4]  In determining the domicile or citizenship of an individual, "[c]ourts frequently have looked to various factors which include, but are not limited to, current residence, voting registration and voting practices, payment of taxes, ownership of property, driver's license, location of bank accounts and place of employment."[5]  "However, no single factor is determinative of the domicile question."[6]

---

[2] See Exhibit B, Plaintiff's Original Petition, § VIII., Pg. 5.
[3] See id.
[4] See *Midcap Media Fin., LLC v. Pathway Data, Inc*. 929 F.3d 310, 313 (5th Cir. 2019).
[5] *Everett v. Brief*, 1985 U.S. Dist. Lexis 14251, *8 (S.D. N.Y. Nov. 1, 1985).
[6] *Id.* (citing Wright, Miller & Cooper § 3612 at 530-31).

8. State Farm would show the Court that Plaintiffs are citizens of the State of Texas in that they affirmatively plead that they are individuals residing in Nueces County, Texas in their Original Petition.[7] Plaintiff, Efren Flores, at the time of the accident made the basis of this lawsuit maintained a Texas Driver's License with an address in Corpus Christi, Nueces County, Texas, where he is also employed and presumably pays taxes. Plaintiff, Erik Garcia, who is identified in Plaintiffs' Original Petition as Plaintiff Efren Flores's co-worker and passenger at the time of the accident made the basis of this lawsuit, maintained a Texas Driver's License and/or Texas Identification Card with an address in Corpus Christi, Nueces County, Texas, where he is employed and presumably pays taxes.

9. "In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship. A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change."[8] Furthermore, "evidence of a person's place of residence . . . is prima facie proof of his domicile" and "once established, [a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change."[9] As a result, Plaintiffs should be considered domiciled in the State of Texas for diversity purposes herein.

10. At the time of filing of the lawsuit in state court and at the time of filing of this Notice of Removal, State Farm would show the Court that it is a mutual insurance company organized and formed under the laws of the State of Illinois, with its principal place of business

---

[7] See Exhibit B, Plaintiff's Original Petition, § II, P. 1.
[8] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (*citing Preston v. Tenet Healthsystem Mem. Med. Ctr.*, 485 F.3d 793, 797-798 (5th Cir. 2007).
[9] *Id.*

located at One State Farm Plaza, Bloomington, Illinois 61710.[10] Thus, there is complete diversity between Plaintiffs and Defendant State Farm in this case.

**B.      The Amount in Controversy Exceeds $75,000.00**

11.     Plaintiffs' Original Petition states Plaintiffs' seek monetary relief of $250,000 or less, including damages, and Plaintiffs' sent demands to Defendant for policy limits.[11] While Plaintiff Erik Garcia did lower his demand, the combined demands still exceed the required $75,000 amount in controversy. The limits of coverage for UM benefits pursuant to the State Farm insurance policy and at issue herein is $100,000.00 per person and $300,000.00 per occurrence for bodily injuries, and thus the insurance policy limits also exceed the $75,000.00 threshold for the amount in controversy.[12] Finally, Plaintiffs have not filed a binding stipulation to accept only less than the jurisdictional amount, cited a law limiting their recovery, nor otherwise proved to a legal certainty that their recovery would be less than $75,000.00.

### III.  VENUE

12.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, in the 105th Judicial District Court of Nueces County, Texas, and a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in the district.

---

[10] See company profile of State Farm Mutual Automobile Insurance Company from the Texas Department of Insurance's website and the Illinois Department of Insurance's website, attached hereto as Exhibit D. Materials printed from government websites have been found to be reliable and self-authenticating and admissible under Rule 803(8) of the Federal Rules of Evidence. *See Rychorcewicz v. Welltec, Inc.*, No. CV H-16-2, 2018 U.S. Dist. LEXIS 123512, at *7 (S.D. Tex. June 22, 2018), *report and recommendation adopted*, No. CV H-16-0002, 2018 LEXIS 123715 (S.D. Tex. July 24, 2018), *aff'd*, 768 F. App'x 252 (5th Cir. 2019); *Johnson v. United Healthcare of Tex., Inc.*, 167 F. Supp. 3d 825, 835 (W.D. Tex. 2016); *Kew v. Bank of Am., N.A.*, No. H–11–2824, 2012 U.S. Dist. LEXIS 56485, at n. 4 (S.D. Tex. Apr. 23, 2012).
[11] See Exhibit B, Plaintiffs' Original Petition, § III, P. 2 and Exhibit C, Plaintiffs' demands.
[12] *Cf. Robles v. Allstate Fire & Cas. Ins. Co.*, 2020 U.S. Dist. LEXIS 121405, at #5-6 (W.D. Tex. 2020) ("'if an insurance policy limits the insurer's liability to a sum below the jurisdictional threshold, the fact that a claimant wants more money does not increase the amount in controversy,'" *citing Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002).

## IV.  PROCEDURAL REQUIREMENTS

13. Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit B hereto is an Index of State Court Papers and copies of all process, pleadings, and orders on file in the state court lawsuit. Also included in Exhibit B is the docket sheet of the state court proceeding in accordance with the Southern District of Texas Local Rules. Additionally, attached as Exhibit E is a List of Parties and Counsel relating to this action, and attached as Exhibit F hereto is an Index of Matters Being Filed in this action. Each of the exhibits are incorporated herein and made a part hereof for all pertinent purposes.

14. Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiffs, the adverse party.

15. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of Defendant's Notice of Removal will be filed with the District Clerk of Nueces County, Texas, promptly after Defendant files this Notice.

16. This Notice of Removal is being timely filed within thirty (30) days after receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiffs and Defendant with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm Mutual Automobile Insurance Company respectfully requests that the above-captioned action now pending in the 105th

Judicial District Court of Nueces County, Texas be removed to the United States District Court for the Southern District of Texas, Corpus Christi Division.

        Respectfully Submitted,

        **ORTIZ & LAW, P.C.**

By: */s/ Jonathan Law*
    Jonathan Law
    State Bar No. 2402865
    Southern District Federal ID 1031088
10100 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: 210-344-3900
Facsimile: 210-366-4301
jon@ortizlawpc.com
rrosupport@ortizlawpc.com
**ATTORNEY FOR DEFENDANT,
STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

    On June 16, 2023, the foregoing document was served in compliance with the Federal Rules of Civil Procedure by mail, hand delivery, telecopier transmission, or CM/ECF electronic notice to the following:

Bryan K. Harris, P.C.
Robert J. Sigler
5262 South Staples, Suite 100
Corpus Christi, Texas 78411
Facsimile: (361) 992-9671
rsigler@bkharrispc.com

        */s/ Jonathan Law*
        Jonathan Law